UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL BLACK, SR, <br> CDCR #AP-6288, <br>         Plaintiff, <br>    vs. <br> H. LE, Counselor; <br> E. FRIJAS, Counselor, <br>         Defendants. | Case No.: 18-cv-02837-BAS-MSB <br><br> **ORDER:** <br><br> **1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)** <br><br> **[ECF No. 2]** <br><br> **AND** <br><br> **(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

  Plaintiff Darnell Black, Sr., currently incarcerated at California State Prison—Los Angeles County ("LAC"), in Lancaster, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, on December 17, 2018, together with a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.)

Plaintiff claims two correctional counselors at Richard J. Donovan Correctional Facility ("RJD"), in San Diego, California, violated his Eighth Amendment rights during an annual classification committee hearing held at RJD on July 14, 2017. Plaintiff contends Defendants mistakenly "label[ed] [him as] a[n] SNY" inmate on a CDC Form 128-G Classification Committee chrono, and that as a result, he suffers from "psychological injuries," "deep depression," and nightmares because he believes the SNY designation labels him as a "snitch." (*See* "Compl.," ECF No. 1 at 3, 7, 15, 18–21.) He state he faces "imminent danger of serious physical injury. (*Id.* at 3.) Plaintiff does not further contend to have been actually threatened, attacked, or otherwise injured as a result of Defendants' alleged error; but he seeks $400,000 in general and punitive damages. (*Id.* at 5.)

# I. Motion to Proceed IFP

## A. <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful

suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**B.      Discussion**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff seeks to sue two RJD correctional counselors based on claims that they mislabeled him as a "SNY" inmate on a Classification Committee Chrono dated July 14, 2017. (*See* Compl., 3, 6, 21.) While Plaintiff broadly

claims he "faces imminent danger" based on his "psychological injuries" as a result, (*see* Compl. 3), he does not include any further factual allegations to plausibly show he has been physically harmed, actually threatened, or faces any immediate danger at LAC—where he has since been transferred and where he remained at the time he filed this suit in December 2018—as a result of Defendants' alleged July 2017 classification committee error at RJD.

The "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *Patrick v. Altshuler*, No. 2:17-CV-1046 AC P, 2017 WL 4539273, at *5 (E.D. Cal. Oct. 11, 2017) (finding prisoner's claims of "[f]ear with trust issues" and "painful" "[a]buse[s] of power" were insufficient to demonstrate he was "under imminent danger of serious physical injury" under § 1915(g)). Instead, to meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). Conclusory or speculative allegations of imminent danger, like those offered by Plaintiff here, are insufficient. *Cervantes*, 493 F.3d at 1057 n.11; *see also Moten v. Sosa*, No. 217CV0068JAMACP, 2018 WL 571939, at *3 (E.D. Cal. Jan. 26, 2018) (finding claims that guard "labeled [plaintiff] a snitch-rat" and thereby "exposed [him] to emotional, or physical harm from other prisoners," filed more than a year after the alleged incident failed to satisfy § 1915(g)'s exception for "imminent" or "proximate danger"), *appeal dismissed*, No. 18-16018, 2018 WL 6334995 (9th Cir. July 19, 2018), *and report and recommendation adopted*, No. 217CV0068JAMACP, 2018 WL 5883933 (E.D. Cal. Nov. 9, 2018).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here.

The Court finds, based on a review of its own dockets and other court proceedings available on PACER, that Plaintiff Darnell Black, Sr., identified as CDCR #AP-6288, has had more than three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]

They are:

1) *Black v. Nederuti, et al.*, Civil Case No. 2:17-cv-00135-CKD (E.D. Cal., March 16, 2017 Order granting IFP and dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A [ECF No. 11]); (E.D. Cal. May 2, 2017 Order of dismissal for failure to amend) [ECF No. 14] (strike one);[2]

2) *Black v. Davidson,* Civil Case No. 2:17-cv-02637-RGK-RAO (C.D. Cal., West. Div., May 26, 2017 and May 31, 2017 Recommendation and Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") [ECF No. 11] (strike two);

3) *Black v. Tiggs-Brown,* Civil Case No. 2:17-cv-04893-RGK-RAO (C.D. Cal., West. Div., Sept. 21, 2017 and Sept. 27, 2017 Recommendation and Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") [ECF No. 11] (strike three);

4) *Black v. Rios,* Civil Case No. 2:18-cv-03769-RGK-RAO (C.D. Cal., West. Div., May 30, 2018 Recommendation and Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") [ECF No. 7] (strike four);

5) *Black v. Rios*, Civil Case No. 2:18-cv-08376-RGK-RAO (C.D. Cal.,

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

West. Div., Oct. 2, 2018 and Oct. 3, 2018 Recommendation Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") [ECF No. 4] (strike five);

6) *Black v. Kitchen, et al.*, Civil Case No. 3:18-cv-02541-DMS-AGS (S.D. Cal. Nov. 6, 2018 Order Dismissing Civil Action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) [ECF No. 3] (strike six); and

7) *Black v. Golette, et al.,* Civil Case No. 2:18-cv-08377-RGK-RAO (C.D. Cal., West. Div., Nov. 26, 2018 and Nov. 27, 2018 Recommendation Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") [ECF No. 10] (strike seven).[3]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III. Sua Sponte Screening pursuant to 28 U.S.C. § 1915A(b)

The Court is also required to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for,

---

[3] The Court notes Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, and in the Central District of California as well. *See Black v. Renolds, et al.,* Civil Case No. 3:18-cv-2259-CAB-RBM (S.D. Cal. Jan. 15, 2019) [ECF No. 5]*; Black v. Le, et al*., Civil Case No. 3:18-cv-2771-GPC-BLM (S.D. Cal. Jan. 16, 2018) [ECF No. 3]; *Black v. Mai, et al.*, Civil Case No. 2:18-cv-09817-RGK-RAO (C.D. Cal., West. Div., Nov. 30, 2018 Order denying IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 4]; *Black v. Tiggs Brown, et al.*, Civil Case No. 2:18-cv-09825-RGK-RAO (C.D. Cal., West. Div., Nov. 30, 2018 Order denying IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 4].

violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court must review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Regardless of whether Plaintiff paid the full filing fee, or was eligible to proceed IFP, the Court's preliminary review of his Complaint also shows his case is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil rights complaint he filed in this district just ten days before. *See Black v. Le, et al.*, S.D. Cal. Civil Case No. 3:18-cv-02771-GPC-BLM ("*Black I*") (ECF No. 1).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In *Black I*, Plaintiff alleges, as he does in this case, that RJD Counselors Le and Frijas, the same two officials named as Defendants again here, violated his Eighth Amendment rights on July 14, 2017, by erroneously identifying him as an "SNY" inmate in a Classification Committee Chrono. (*Compare* ECF No. 1 in 18cv2771-GPC-BLM at 1–3, 17, *with* Compl. at 1–3, 21).

Because Plaintiff brings identical claims against the same parties in this case and in *Black I,* the Court must also dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at

7

446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).[4]

## IV.  Conclusion and Orders

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATED: January 25, 2019

Hon. Cynthia Bashant
United States District Judge

---

[4] Judge Curiel also denied Plaintiff leave proceed IFP pursuant to 28 U.S.C. § 1915(g). *See Black I*, S.D. Cal. Civil Case No. 3:18-cv-02771-GPC-BLM (ECF No. 3).